

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,869

### EX PARTE PRESTON HUGHES, III

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS FROM CAUSE NO. 511676-C IN THE 174TH DISTRICT COURT HARRIS COUNTY

*Per Curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joins.

### OPINION

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In May 1989, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. On original submission on direct appeal, this Court reversed applicant's conviction. However, on rehearing, the Court affirmed applicant's conviction and sentence. *Hughes v. State*, 878

S.W.2d 142 (Tex. Crim. App. 1993)(op. on reh'g).  Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on October 21, 1990.  This Court denied applicant relief.  *Ex parte Hughes*, No. WR-45,876-01 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication).  Applicant's first subsequent habeas application was filed in the trial court on April 24, 2001, and this Court dismissed it on November 14, 2001. *Ex parte Hughes*, No. WR-45,876-02 (Tex. Crim. App. Nov. 14, 2001)(not designated for publication).  This, applicant's second subsequent habeas application, was filed in the trial court on July 3, 2012, and received by this Court on July 25, 2012.

In his application, applicant raises two claims.  Applicant's second claim, which is no more than a sufficiency of the evidence claim, is dismissed.  In his first claim, applicant asserts that this Court should reverse his sentence and remand his case for a new punishment trial "in light of recent Supreme Court decisions impacting mitigation evidence that was presented at trial but could not have been given full effect under prior law."  Because the law regarding mitigating evidence has further developed since applicant filed his last habeas application, we have filed and set this claim.

In *Ex parte Smith*, this Court explained:

> The United States Supreme Court has established two key principles that guide the process by which a jury may assess the death penalty.  First, while the death penalty is not per se cruel and unusual punishment in violation of the Eighth Amendment, a jury's discretion to assess the death penalty "must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action."  Second, the jury must be provided a vehicle by which to fully consider and give effect to mitigating evidence of "the character and record of the individual offender and the circumstances of the offense."

With respect to the second principle, the Supreme Court has held that the mitigating evidence must first be relevant. Relevant evidence in this context is "evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value." A vehicle need not be provided when the evidence has "only a tenuous connection–'some arguable relevance'–to the defendant's culpability," but only when the evidence "may have meaningful relevance to the defendant's moral culpability 'beyond the scope of the special issues.'" [*Abdul-Kabir v. Quarterman*, 550 U.S. 233, 253 n. 14 (2007).] Once this "low threshold for relevance" is met, the jury must be provided an adequate vehicle by which to fully consider and give effect to the evidence.

At the time [Smith] was sentenced, the jury was required to answer special issues of deliberateness, future dangerousness, and, if raised by the evidence, provocation. The Supreme Court found that these special issues adequately directed and limited the jury's discretion. But if a defendant presented relevant mitigating evidence that was outside the scope of the special issues, or that had an aggravating effect when considered within the scope of the special issues, the special issues were a constitutionally inadequate vehicle for the jury to fully consider and give effect to the mitigating evidence.

(Footnotes omitted.) *Smith*, 309 S.W.3d 53, 55-6 (Tex. Crim. App. 2010).

As in the *Smith* case, applicant's jury was required to answer special issues of deliberateness, future dangerousness, and, if raised by the evidence, provocation. However, unlike the mitigation evidence presented in *Smith*, the evidence in the instant case is not two-edged. All of the evidence applicant presented consisted of good behavior/good character evidence. Both the United States Supreme Court and this Court have said that this type of evidence can be given effect by answering the future dangerousness issue "no." The evidence is not outside the scope of the special issues given, nor does it have an aggravating effect when considered within the scope of the special issues. Thus, applicant is not

constitutionally entitled to a separate jury instruction at the punishment phase of trial. *See, e.g., Penry v. Lynaugh*, 492 U.S. 302 (1989), and *Ex parte Jones*, No. AP-75,896 (Tex. Crim. App. June 10, 2009)(not designated for publication)(holding that youth and positive personal characteristics are the sorts of evidence which can be considered within the scope of the former special issues – no *Penry* issue required). Accordingly, the relief applicant seeks is denied.

Delivered: August 29, 2012
Do Not Publish